1

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

Tony Roberts,                          )      Civil No. 15cv1044 WQH (PCL)
13                                     )
              Plaintiff,               )      **REPORT AND RECOMMENDATION:**
14      v.                             )
                                       )      **GRANTING IN PART DEFENDANTS'**
15  J. Beard et al.,                   )      **MOTION TO DISMISS**
                                       )
16                      Defendants.    )      **AND**
                                       )
17                                     )      **DENYING IN PART DEFENDANTS'**
                                       )      **MOTION TO DISMISS and MOTION**
18                                     )      **FOR SUMMARY JUDGMENT**
                                       )
19  _____)      **(Docs. 27 and 38.)**

20

21          Plaintiff Tony Roberts, an inmate currently incarcerated at RJ Donovan State Prison, has filed a

22  42 U.S.C. § 1983 lawsuit for violations of his First Amendment right to file grievances and his Eighth

23  Amendment right to be free from cruel and unusual punishment. (Doc. 1, at 3-4.) Plaintiff alleges

24  Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R. Santiago, K. Seibel, and R. Solis, all

25  employees at RJD State Prison, retaliated against him for engaging in First Amendment conduct and

26  subjected him to cruel and unusual punishment between April and October 2014. Defendants have filed

27  a motion for summary judgment of Plaintiff's Complaint on exhaustion grounds and a motion to dismiss

28  Plaintiff's Complaint for failure to state a claim for relief. (Doc. 38.) For the reasons discussed below,

the Court recommends that the motion to dismiss be granted in part and denied in part and that the motion for summary judgment be denied.

## I. BACKGROUND

Plaintiff alleges that "Defendants conspired to retaliate against [him] for engaging in 'protected conduct' when petitioned for redress of his grievances." (Doc. 1, at 9.) Plaintiff alleges that Defendants Davis and Buenrostro "engaged in a series of unlawful and repressive conduct against Plaintiff and other mentally ill inmates" when Plaintiff "attempted to access RJDCF's inmate appeal procedure to complain about these Defendants' conduct" which "were either screened out or were never responded to by RJDCF prison officials." (Doc. 1, at 10.)  Plaintiff states that after he wrote the "class monitors" of the California Department of Corrections and Rehabilitation's mental health delivery system, appointed under Coleman v. Brown et al., 28 F. Supp. 3d 1068 (E.D. Cal. April 10, 2014), Plaintiff was retaliated against and terrorized by Defendanst A. Buenrostro, R. Davis, C. Meza, A. Parker, R. Solis, and R. Santiago for engaging in First Amendment conduct. (Doc. 1, at 10.) Specifically, Plaintiff claims that Defendant Buenrostro sexually molested him and that Defendant Buenrostro filed a false Rules Violation Report against him. (Doc. 1, at 11, 23.) Plaintiff states that Defendant C. Meza "illegal obtained a copy of a written complaint Plaintiff had drafted and submitted" to the Department of Justice and gave the complaint to Defendant Buenrostro, who then concocted false allegations against Plaintiff in retaliation and arranged with other officers Plaintiff's transfer to another prison that caused Plaintiff "to experience an exacerbation in his mental illness." (Doc. 1, at 12.)  Plaintiff claims that Defendant K. Seibel, the deputy chief warden, conspired to retaliate against Plaintiff for filing grievances by authorizing the illegal activities of the other correctional officers under her and by placing him on a list for transfer to another CDCR facility. (Doc. 1, at 14-15, 23)

Plaintiff claims that Defendants C. Meza and A. Buenrostro prohibited Plaintiff's ability to send written communications of public interest to government officials. (Doc. 1, at 19.) Plaintiff claims that Defendants A. Parker and A. Buenrostro conducted a cell search and confiscated legal documents from Plaintiff including a civil rights complaint that was about to be filed. (Doc. 1, at 20.) Plaintiff claims that Defendants Davis, Meza, and Buenrostro  falsely labeled Plaintiff a "snitch," causing him to be attacked

by other inmates, in retaliation for exercising his First Amendment rights and in violation of his Eighth Amendment rights to be protected from violence while in custody. (Doc. 1, at 21-23.)

Defendants have filed a motion for summary judgement on non-exhaustion grounds and a motion to dismiss the Complaint for failure to state any valid claim for relief. Defendants claim that all but one of the claims are unexhausted, and the one exhausted claim as to Defendant Buenrostro is barred by the favorable termination doctrine. (Doc. 27-1, at 8.) For the reasons stated below, Defendants' motion to dismiss should be GRANTED as to Plaintiff's Eighth Amendment claims as to all Defendants except Defendant Buenrostro. Otherwise, Defendants' motion to dismiss all other claims and Defendants should be DENIED.  Defendants' motion for summary judgment should also be DENIED on procedural grounds.

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of Plaintiff's claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The Court must assume the truth of the facts presented in Plaintiff's complaint and construe inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Rule 12(b)(6). Erickson v. Pardus, 551 U.S. 89, 94 (2007). Additionally, "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before filing a § 1983 action in federal court. See 42 U.S.C. § 1997e(a). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (quoting Booth v. Churner, 532 U.S. 731, 739-41 (2001)).

The Ninth Circuit has held that "defendants have the burden of raising and proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (overruled on other grounds). This burden requires defendants to demonstrate that the inmate has failed to pursue some avenue of "available" administrative relief. Brown, 422 F.3d at 936-37. Because "failure to exhaust is an affirmative defense under

1   the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints,"

2   the defendant in a typical PLRA case will have to present probative evidence that the prisoner has failed to

3   exhaust available administrative remedies under § 1997e(a). If in the rare case a prisoner's failure to exhaust

4   is clear from the face of the complaint, a "defendant may successfully move to dismiss under Rule 12(b)(6)

5   for failure to state a claim." Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). However, in the vast

6   majority of cases, a motion for summary judgment under Rule 56 is the appropriate avenue for deciding

7   exhaustion issues. Id. Although "disputed factual questions relevant to exhaustion should be decided at the

8   very beginning of the litigation," the plaintiff should be afforded the post-answer discovery process when

9   appropriate after a defendant has pled the affirmative defense of failure to exhaust administrative remedies.

10   Id. at 1171. Although a motion to dismiss is not the appropriate method for deciding disputed factual

11   questions relevant to exhaustion, "[e]xhaustion should be decided, if feasible, before reaching the merits

12   of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to

13   evidence concerning exhaustion, leaving until later – if it becomes necessary – discovery directed to the

14   merits of the suit." Id. at 1170. After the initial completion of discovery and before reaching the merits of

15   the case, "[i]f the evidence permits, the defendant may move for summary judgment under Rule 56." Id. At

16   1169.

## III. DISCUSSION

18   A. Motion for Summary Judgment

19   In this case, Plaintiff claims that he partially exhausted his administrative remedies as to Defendant

20   Buenrostro but that his administrative remedies as to the other claims and other Defendants were made

21   "'effectively unavailable' because prison officials did not respond to properly filed grievances on those

22   issues." (Doc. 1, at 6.) Although the government has set forth its own evidence refuting Plaintiff's claim that

23   he attempted to exhaust, outside evidence cannot be considered on a pre-answer motion for summary

24   judgment. See Albino v. Baca, 747 F.3d at 1166. The proper procedural mechanism for evaluating the

25   exhaustion issue in this case would be on a post-answer motion for summary judgment so that Plaintiff can

26   be afforded the opportunity to conduct discovery and put forth his own outside evidence regarding the

27   exhaustion issue. Thus, Defendants' motion for summary judgment on exhaustion grounds should be

28   DENIED on procedural grounds.

B. Motion to Dismiss for Failure to State a Claim for Relief

Plaintiff claims that Defendants Davis, Buenrostro, Meza, Parker, Solis, and Santiago all retaliated against him for exercising his First Amendment right to file prison grievances. Plaintiff also claims that Defendants Davis, Meza, and Buenrostro all violated his Eighth Amendment right to be free from cruel and unusual punishment.

A prison official who acts against an inmate in retaliation for using the prison grievance process or pursuing civil rights litigation may be in violation of the First Amendment. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Lucero v. Hensley, 920 F. Supp. 1067, 1076 (C.D. Cal. 1996). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such conduct (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68. Adverse actions that are sufficient to ground a First Amendment retaliation claim include confiscating and destroying personal property, id. at 568; repeatedly threatening "transfer because of [the prisoner's] complaints about the administration of the [prison] library," Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001); imposing a ten-day period of confinement and loss of television because of a correctional officer's false allegation that the prisoner breached prison regulations, Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); and calling a prisoner a "snitch" in front of other prisoners for filing grievances against prison officials in order to subject prisoner to life-threatening retaliation by other inmates, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). At the pleading stage, a plaintiff need not "demonstrate a total chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim." Rhodes, 408 F.3d at 568. In other words, the fact that an inmate has fulfilled the legal requirements necessary to pursue his cause of action in federal court does not mean that his First Amendment rights were not chilled. Id. at 569.

A prison official violates the Eighth Amendment when two requirements are met: (1) The deprivation or punishment must be, objectively, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 833 (1994). And (2) a prison official must have a "sufficiently culpable state of mind." Id. at 834. A prison official cannot be found liable under the Eighth Amendment "for denying an inmate humane conditions of

1   confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the

2   official must both be aware of facts from which the inference could be drawn that a substantial risk of

3   serious harm exists, and he must also draw the inference." Id. at 837.

4        Here, Plaintiff has stated a First Amendment claim against Defendant Buenrostro, who allegedly

5   sexually molested him in retaliation for his prior First Amendment-protected conduct.[1] Plaintiff has stated

6   First Amendment claims against Defendants Davis, Buenrostro, and Meza, who allegedly labeled Plaintiff

7   a "snitch" in front of other inmates for exercising his First Amendment rights in order to subject him to

8   threatening retaliation by other inmates. Plaintiff has also stated First Amendment claims against Defendants

9   Buenrostro, Davis, Meza, Parker, Solis, and Santiago who allegedly terrorized Plaintiff after he wrote the

10   class monitors of the mental health delivery system. Moreover, Plaintiff has stated an Eighth Amendment

11   claim against Defendant Buenrostro, who allegedly sexually molested him. However, Plaintiff has not stated

12   Eighth Amendment claims against Defendants Davis and Meza for falsely labeling Plaintiff a "snitch" as

13   doing so is not cruel or unusual punishment under the first prong of the Farmer test. Farmer, 511 U.S. at

14   833.   Scouring the rest of the Plaintiff's Complaint, the Court fails to see any other proper Eighth

15   Amendment claims in the Complaint other than the one stated against Defendant Buenrostro for sexual

16   molestation.

17   **V. CONCLUSION**

18        For the foregoing reasons, the Court RECOMMENDS that Defendants' motion for summary

19   judgment on exhaustion grounds be DENIED. The Court RECOMMENDS that Defendants' motion to

20   dismiss Plaintiff's Eighth Amendment claim as to Defendant Buenrostro be DENIED but RECOMMENDS

21   dismissal of all other Eighth Amendment claims as to the other named Defendants that have been served.

22   Furthermore, the Court RECOMMENDS that Defendants' motion to dismiss Plaintiff's First Amendment

23   claims as to all served Defendants be DENIED.

24   ―――――――――――――

25       [1]Defendants argue that the favorable termination doctrine as outlined in Heck v. Humphrey, 512
U.S. 478, 486-87 (1994) bars Plaintiff's retaliation claim as against Defendant Buenrostro because the

26   claim arises out of the same facts and circumstances as a prison disciplinary action which hasn't been
invalidated by way of direct appeal or state or federal habeas action. However, Plaintiff's First

27   Amendment claim alleges facts that are broader and different from the facts underlying this prison
disciplinary action, which concerned Plaintiff's disrespectful behavior towards a correctional officer.

28   Thus, the favorable termination doctrine is not grounds for dismissing Plaintiff's First Amendment
retaliation claim as against Defendant Buenrostro.

15cv1044 WQH(PCL)

1    Any written objections to this Report and Recommendation must be filed with the Court and a copy

2    served on all parties on or before **July 5, 2016.** The document should be captioned "Objections to Report

3    and Recommendation." Any reply to the objections shall be served and filed on or before **July 29, 2016.**

4    The parties are advised that failure to file either of these documents within the specified time periods may

5    waive the right to raise those objections on appeal of this Court's order. Martinez v. Ylst, 951 F.2d 1153,

6    1156 (9th Cir. 1991).

7    This Report and Recommendation by the undersigned magistrate judge is submitted to United States

8    District Judge William Hayes, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United

9    States District Court for the Southern District of California.

10    IT IS SO ORDERED.

11    DATED: June 16, 2016

12

13    Peter C. Lewis

14    U.S. Magistrate Judge
      United States District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15cv1044 WQH(PCL)