# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TONY ROBERTS, | CASE NO. 15cv1044-WQH-PCL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| J. BEARD, Secretary of CDCR, et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Objection to an Order of the Magistrate Judge filed by Plaintiff Tony Roberts. (ECF No. 95).

**I. Factual and Procedural Background**

Plaintiff Tony Roberts, a prisoner proceeding pro se, initiated this action on May 8, 2015 by filing a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, against multiple defendants at the Richard J. Donovan Correctional Facility. (ECF No. 1).

On August 2, 2017, Plaintiff filed a motion requesting that the Court modify the "Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings issued by the Court on December 19, 2016." (ECF No. 83). Plaintiff asserted that he had good cause to request the amendment to the scheduling order due to various mental health issues, including a psychiatric hospitalization. *Id.*

On August 29, 2017, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 85). Plaintiff asserted that he sought to file the amended

1 complaint in order "to add new factual information, the names of new defendants by
2 changing a party against whom a claim is asserted, or the changing a party against
3 whom a claim is asserted, or new claim directed at praties [sic] by substituting the real
4 names of Doe 1-50." *Id.* at 1-2.

5      On August 29, 2017, Plaintiff filed an "Ex Parte Application for U.S. Marshal to
6 Serve Copies of Plaintiff's Amended Complaint and Summons Upon Defendants by
7 Personal Service." (ECF No. 87). Plaintiff sought an order directing the U.S. Marshals
8 to effectuate service of the amended complaint in the event the Court granted leave to
9 file the amended complaint. *Id.*

10      On August 29, 2017, Plaintiff filed a motion for leave "to depose partys [sic] and
11 witnesses by audio and audio-visual recordings, before a certified reporter authorized
12 to administer oaths." (ECF No. 89).

13      On August 29, 2017, Plaintiff filed a motion requesting that, in the event the
14 Court granted Plaintiff leave to file an amended complaint, the Court would also issue
15 an order "directing the Secretary of the California Department of Corrections and
16 Rehabilitation (CDCR), or Deputy Attorney General assigned to this case to provide
17 information in the form of confidentiality as to Defendant's J. Beard, G. Stratton, R.
18 Olson, and L. Ciborowski's last known address to the U.S. Marshal's Office in order
19 that they may be served process of the Amended Complaint and summons." (ECF No.
20 91 at 2).

21      On September 1, 2017, the Magistrate Judge issued an Order denying the five
22 motions. (ECF No. 92). The Magistrate Judge stated,

23      Plaintiff has not demonstrated a change in circumstances or given good
     reasons that would justify allowing this older case to be further dragged
24      out with a reopening of discovery and the introduction of new legal
     theories and defendants that would come with a new complaint. Plaintiff
25      has not demonstrated good reasons for burdening Defendants or their legal
     representatives with discovery that should have already been completed
26      many months ago. Plaintiff's motions to amend, to extend discovery, for
     summons, and for discovery are hereby DENIED.
27
(ECF No. 92 at 1-2).
28
     On September 8, 2017, Defendants filed an "Ex Parte Application to Vacate the

Scheduling Order and Allow Defendants Sixty Days to Depose Plaintiff and File a Motion for Summary Judgment." (ECF No. 93). Defendants asserted that they had been unable to depose Plaintiff because he has not participated in a deposition because of the state of his mental health. *Id.* Defendants asserted that good cause existed to amend the scheduling order "based upon Plaintiff's conduct in preventing Defendants from deposing him, and then thereafter requesting the Court for an extension of time for his own purposes." *Id.* at 2.

On September 11, 2017, this Court granted the Defendants' ex parte motion, vacated the scheduling order, reopened discovery for all parties for a period of 90 days, and ordered that any motion for summary judgment must be filed within 120 days. (ECF No. 94 at 1-2).

On September 12, 2017, Plaintiff filed an Objection to Magistrate Judge's Order denying his motions on September 1, 2017. (ECF No. 95). Plaintiff contends that the Magistrate Judge erroneously concluded that "plaintiff has not demonstrated good cause to modify the scheduling order in order to amend his complaint, to add defendants, and to extend the discovery deadline." *Id.* at 1. Plaintiff contends that he has demonstrated good cause to amend the scheduling order because he was hospitalized "before and after" March 8, 2017, the date Plaintiff was required to file any motions for leave to amend, to join other parties, or to file additional pleadings pursuant to the Scheduling Order issued by the Magistrate Judge. *Id.* at 2; *see also* ECF No. 60. Plaintiff asserts his efforts to participate in the discovery process have been deterred by mental health issues. (ECF No. 95 at 3). Plaintiff asserts that he "cannot be expected to join parties, amend, and conduct discovery when his mental faculties do not permit him to perform the task[s] necessary to complete such activities." *Id.*

On October 13, 2017, Plaintiff filed a request for a ruling on his Objection. (ECF No. 97).

On October 16, 2017, the Magistrate Judge issued an Order stating, "Although Magistrate Judge Lewis issued an order denying Plaintiff's request to modify the

scheduling order on September 1, 2017, Judge Hayes has issued an order dated September 11, 2017 stating that discovery has been reopened for both Plaintiff and Defendants until December 11, 2017. (See Doc. 94.) Plaintiff's request has already been partially granted by Judge Hayes." (ECF No. 97).

On November 17, 2017, Plaintiff filed an ex parte application for a clarification of the Court's order. Plaintiff contends that he seeks a ruling on whether he will be permitted to amend his complaint to join parties which Plaintiff describes as "the central issue raised in the Objection." (ECF No. 104 at 2). Plaintiff "request[s] the Court to address whether it will at some point, after Defendants have failed to prevail on any motion for summary judgment, or the time to file such a motion has expired, the Court will reach a decision on the issue of Plaintiff's Objection as it related to the issue of amendment, and joining of other parties." *Id.* at 3.

On November 27, 2017, the Magistrate Judge issued an Order stating:

> Plaintiff has again made a request to amend his complaint and to join additional parties. (Doc. 104.) As explained in the Court's previous order dated September 1, 2017, the Court will not allow additional parties to be joined to Plaintiff's case or other amendments to be made to the operating complaint. Plaintiff's motions to amend are DENIED (Doc. 104). The Court also denies as moot Plaintiff's motion dated October 11, 2017 (Doc.97).

(ECF No. 105).

On December 4, 2017, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit "from the final Order denying Plaintiff's Motion to Amend his Complaint, and the District Court Judge's failure to rule on Plaintiff's Objection pursuant to Federal Rules of Civil Procedure, Rule 72(a), entered in this action on November 27, 2017." (ECF No. 107). On December 19, 2017, the United States Court of Appeals for the Ninth Circuit issued an order dismissing and denying the appeal. (ECF No. 114). The order states, "A review of the record demonstrates that this court lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable. . . . To the extent appellant's notice of appeal requests relief by way of a petition for writ of mandamus, the petition is denied because appellant has

not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus." *Id.*

On January 10, 2018, the Court of Appeals issued an order stating: "The judgment of this Court, entered December 19, 2017, takes effect this date. This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure."

**II. Standard of Review**

A district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with a limited number of exceptions. 28 U.S.C. § 636(b)(1)(A). "A judge may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Rule 72(a) of the Federal Rules of Civil Procedure states,

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

A magistrate judge's nondispositive order may be set aside or modified by a district court only if it is found to be clearly erroneous or contrary to law. *Bhan v. Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Matters concerning discovery generally are considered nondispositive of the litigation and reviewed under the clearly erroneous standard. *See, e.g.*, *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decision made in connection with non-dispositive pretrial discovery matters."). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension*

*Trust*, 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

**III. Discussion**

A motion for leave to amend filed after the time period specified in a federal court's scheduling order is governed by the "good cause" standard of Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Federal Rule of Civil Procedure 16 provides that a federal court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Federal Rule of Civil Procedure 16(b) also provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the court finds that a plaintiff has shown good cause pursuant to Rule 16(b), the court must consider whether leave to amend is proper under Federal Rule of Civil Procedure 15. *Id.* at 608.

Initially, to the extent Plaintiff objects to the Magistrate Judge's order regarding the amendment of the scheduling order for the purposes of discovery, that request is moot due to this Court's order reopening discovery for a 90-day period on September 11, 2017. Further, this Court concludes that Magistrate Judge's order denying Plaintiff's motion for leave to file an amended complaint is supported by the law. On December 19, 2016, the Magistrate Judge issued a Scheduling Order requiring that any motion for leave to amend the complaint, to join other parties or to file additional pleadings must be filed on or before March 8, 2017. (ECF No. 60). Because a Scheduling Order was entered in this case, Plaintiff's motion for leave to amend is initially governed by Rule 16(b). *See Johnson*, 975 F.2d at 608. The Magistrate Judge properly determined that Plaintiff did not demonstrate good cause to permit the filing

of an amended complaint after the time permitted in the Court's Scheduling Order. The Court concludes that the Order of the Magistrate Judge on September 1, 2017 (ECF No. 92) was not clearly erroneous or contrary to law.

**IV. Conclusion**

IT IS HEREBY ORDERED that the mandate is spread. The Clerk of Court shall reopen this case.

IT IS FURTHER ORDERED that Plaintiff's Objection (ECF No. 95) is DENIED.

DATED: January 17, 2018

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge