UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS,<br><br>                        Plaintiff,<br>v.<br>J. BEARD, et al.,<br><br>                        Defendants. | Case No.: 15cv1044-WQH-RBM<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the motion for summary judgment filed by Defendants (ECF No. 116), the Report and Recommendation issued by the Magistrate Judge (ECF No. 130), the objections filed by Defendants (ECF No. 133), and the ex parte application to set evidentiary hearing date after August 14, 2018 filed by Plaintiff (ECF No. 132).

**I.    BACKGROUND**

    On May 8, 2015, Plaintiff Tony Roberts, a state prisoner proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R, Santiago, K. Seibel, and R. Solis for violations of Plaintiff's First Amendment rights and his Eighth Amendment right to be free from cruel and unusual punishment. (ECF Nos. 1, 2).

On September 16, 2016, the Court ruled on a motion to dismiss and for summary judgment on exhaustion grounds filed by Defendant Buenrostro and a motion to dismiss and for summary judgment on exhaustion grounds filed by Defendants R. Santiago, C. Meza, A. Parker, R. Davis, R. Solis, and K. Seibel. (ECF No. 46). The Court adopted a Report and Recommendation issued by the Magistrate Judge (ECF No. 40) in its entirety as follows: (1) the Court denied the motions for summary judgment on exhaustion grounds as procedurally improper because an answer had not yet been filed; (2) the Court denied the motion to dismiss the Eighth Amendment claim against Defendant Buenrostro; (3) the Court granted the motion to dismiss the Eighth Amendment claims as to all other served Defendants; and (4) the Court denied the motion to dismiss Plaintiff's First Amendment claims as to all named Defendants.

Plaintiff's remaining claims include retaliation for engaging in First Amendment conduct and violation of the Eighth Amendment on the grounds that Defendant Buenrostro sexually assaulted him during a pat-down search. Plaintiff also brings causes of action arising under California law.

On January 9, 2018, Defendants filed a motion for summary judgment on grounds that: (1) Plaintiff failed to exhaust all claims except retaliation against Defendant Buenrostro regarding the April 2, 2014 rules violation report, (2) Defendants are entitled to summary judgment as to Plaintiff's exhausted retaliation claim; (3) the evidence demonstrates that Defendant Buenrostro did not violate Plaintiff's Eighth Amendment rights; (4) no private right of action exists under state law; and (5) Defendants are entitled to qualified immunity. (ECF No. 116). On January 22, 2018, Plaintiff filed an opposition to the motion for summary judgment. (ECF Nos. 119, 120).

On May 25, 2018, the Magistrate Judge issued a Report and Recommendation. (ECF No. 130). The Report and Recommendation recommends that the Court grant in part and deny in part the motion for summary judgment. The Report and Recommendation recommends that the Court grant summary judgment in favor of Defendant Buenrostro on the exhausted First Amendment retaliation claim that Defendant Buenrostro falsified a

rules violation report against Plaintiff. The Report and Recommendation concludes that Plaintiff failed to put forth any evidence demonstrating that a retaliatory motive to chill Plaintiff's First Amendment rights to file grievances was the but-for cause of Defendant Buenrostro's report.

The Report and Recommendation concludes that Plaintiff has not exhausted his remaining claims, but further concludes that disputed issues of material fact exist as to whether "the existing and generally available administrative remedies" were "effectively unavailable" to Plaintiff. (ECF No. 130 at 27). The Report and Recommendation identifies Plaintiff's assertions that he filed grievances on April 2, 2014; June 23, 2014; and July 8, 2014 and finds material, disputed facts as to whether those filings "either vanished or were unlawfully rejected." (ECF No. 130 at 27). The Report and Recommendation recommends that summary judgment on these claims be denied until an evidentiary hearing is held to decide the disputed facts surrounding exhaustion.

On June 13, 2018, Defendants filed objections to the Report and Recommendation. (ECF No. 133). Defendants contend that the Report and Recommendation fails to address Defendants' substantive Eighth Amendment claims, Defendants' state law claims, and Defendants' qualified immunity claims. (ECF No. 133 at 1–2). Defendants contend that they are entitled to summary judgment on these grounds.

On June 13, 2018, Plaintiff filed an ex parte application to set the evidentiary hearing date after August 14, 2018. (ECF No. 132). Plaintiff asserts that he has a scheduled appearance before the Board of Parole Hearings for a parole suitability consideration hearing in Stockton, California on August 14, 2018. *Id.* at 2. Plaintiff requests that any evidentiary hearing be scheduled after August 14, 2018 so that his hearing before the Board of Parole Hearings will not be delayed by a transfer to a different facility.[1] *Id.*

---

[1] The Court will deny as moot Plaintiff's ex parte application to set the evidentiary hearing date after August 14, 2018.

3

15cv1044-WQH-RBM

The record reflects that Plaintiff has not filed any response to Defendants' objections.

## II. LEGAL STANDARD ON REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. EXHAUSTED RULES VIOLATION REPORT RETALIATION CLAIM

No party has filed an objection to the conclusion of the Report and Recommendation that summary judgment should be entered in favor of Defendant Buenrostro as to the exhausted First Amendment retaliation claim for the April 2, 2014 rules violation report. The Court will adopt the Report and Recommendation (ECF No. 130) and grant Defendants' motion for summary judgment (ECF No. 116) as to the retaliation claim for the rules violation report.

## IV. EXHAUSTION

The Report and Recommendation found that, although Defendants showed Plaintiff failed to exhaust administrative remedies for his remaining claims, summary judgment was precluded because Plaintiff provided evidence to show the administrative remedies were "effectively unavailable" to him for the grievances he allegedly filed on April 2, 2014; June 23, 2014; and July 8, 2014. (ECF No. 130).

The Supreme Court has explained that an administrative remedy is unavailable, such that a prisoner's failure to exhaust is excused, in three circumstances: if the procedure "operates as a simple dead end," if it is "so opaque that . . . no ordinary prisoner can discern or navigate it," or if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016). The Court of Appeals for the Ninth Circuit has stated that an inmate's ability to avail themselves of administrative remedies is "thwarted" if prison administrators "improperly fail to process a prisoner's grievance." *Andres v. Marshall*, 867 F.3d 1076, 1078–79 (2017) (citing *Ross*, 136 S. Ct. at 1859–60); *see also Ellis v. Navarro*, No. C07-05126SBA(PR), 2011 WL 845902, at *3–4 (N.D. Cal. Mar. 8, 2011) (noting that absence of a prison record "at most, corroborates [the prison's] claim of non-receipt. It does *not*, however, prove that [the inmate] failed to timely and properly seek to submit his Form 602 appeal") (emphasis in original).

No party has filed an objection to the conclusions of the Report and Recommendation identifying factual disputes as to exhaustion and recommending an evidentiary hearing. (ECF No. 130). The Court has reviewed the Report and Recommendation, the record, and the submissions of the parties. The Court will adopt the Report and Recommendation as to the existence of a factual dispute whether the prison improperly failed to process Plaintiff's alleged April 2, 2014; June 23, 2014; and July 8, 2014 grievances. The Court will accordingly deny Defendants' motion for summary judgment on exhaustion grounds.[2] The Court will remand this action to the Magistrate Judge for an evidentiary hearing to resolve the disputed material facts of whether the prison

---

[2] Because the Court concludes that material issues of fact exist as to exhaustion, discussion regarding qualified immunity and state law is premature. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."). Accordingly, the Court will overrule Defendants' qualified immunity and state law objections and deny Defendants' motion for summary judgment on those grounds. (ECF No. 116).

5

improperly failed to process Plaintiff's alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014.

## V. EIGHTH AMENDMENT SEXUAL ASSAULT CLAIM

Defendants assert the Report and Recommendation fails to address whether they are entitled to summary judgment as to Plaintiff's Eighth Amendment claim that Defendant Buenrostro sexually assaulted him during a pat-down search. (ECF No. 133). Roberts provides a declaration stating that during a clothed body search on April 2, 2014, Defendant Buenrostro "rubbed or touched [Plaintiff's] male organ for the purpose of sexual gratification." (ECF No. 119 at 35). Defendants provide a declaration stating that Defendant Buenrostro "did not rub Plaintiff's private parts for sexual gratification," but that he "searched Plaintiff because his actions were suspicious." (ECF No. 116-4 at 2).

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotation omitted). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a

light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) (citing *Anderson*, 477 U.S. at 248), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008); *Liston v. County of Riverside*, 120 F.3d 965, 977 (9th Cir. 1997) ("For the purposes of summary judgment . . . we must assume the nonmoving party's version of the facts to be correct.") (citation omitted). The nonmovant's evidence need only be such that a "fair-minded jury could return a verdict for [the nonmovant] on the evidence presented." *Anderson*, 477 U.S. at 252. In determining whether the nonmovant has met this burden, the Court must consider the evidentiary burden imposed by the applicable substantive law. *Id.* at 254.

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). The Ninth Circuit requires two steps to assess a prisoner's claim of sexual harassment. *Id.* First, "courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind'"—that is, "maliciously and with the intent to inflict harm." *Id.* at 1046, 1049 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (alteration in original). The evaluation is subjective. *Id.* at 1049. Courts presume sufficient culpability if there is "no legitimate penological purpose for a prison official's conduct." *Id.* at 1050 (citations omitted).

Second, courts determine whether "the alleged wrongdoing was objectively 'harmful enough.'" *Id.* at 1046 (quoting *Hudson*, 503 U.S. at 8). Proof of a physical or psychological injury is not required; "[r]ather, the only requirement is that the officer's actions be 'offensive to human dignity.'" *Id.* at 1050 (quoting *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000)). "[N]ot every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation." *John-Charles v. Abanico*, No. C07-5786CW(PR), 2011 WL 738400, at *9 (N.D. Cal. 2011). Prisoners "must establish that the alleged sexual harassment was egregious, pervasive, and/or widespread in order to state a claim under the Eighth Amendment." *Id.*

Conduct rising to the level of sexual harassment for Eighth Amendment purposes has included a correctional officer "gripping" an inmate's buttocks "intentionally to

7

15cv1044-WQH-RBM

discriminate against him," *Hill v. Rowley*, 658 F. App'x 840, 841 (9th Cir. 2016); a correctional officer searching an inmate "several times, grabbing and massaging [his] penis and scrotum on each pass," *John-Charles*, 2011 WL 738400, at *1; an officer "grabb[ing] and cupp[ing] [the inmate's] genitals in an aggressive manner," whispering "You don't feel like a Mexican" into his ear, "aggressively grabb[ing] [the inmate's] genitals again causing another surge of excruciating pain," followed by daily verbal sexual harassment and pat-down searches, *Kirkelie v. Thissell*, No. 1:15-cv-00735-DAD-SAB(PC), 2017 WL 5900075, at *2–3 (E.D. Cal. 2017); an officer performing a strip search "in a manner designed to demean and humiliate" the inmate, *Wood*, 692 F.3d at 1050 (quoting *Calhoun v. DeTella*, 319 F.3d 936, 940 (2003)); an officer "inserting his thumb into a prisoner's anus" with the intent "to humiliate" the prisoner, *Rivera v. Drake*, 497 F. App'x 635, 638 (7th Cir. 2012); and an officer performing a short "gratuitous," "sexually-motivated" search over the inmate's clothes and "'fondl[ing] and squeez[ing] [his] penis' in order to 'make sure [he] did not have an erection.'" *Crawford v. Cuomo*, 796 F.3d 252, 258 (2d Cir. 2015).

Conduct not rising to the level of sexual harassment for Eighth Amendment purposes has included a correctional officer "smiling in a sexual contact [sic]" while rubbing his thigh against an inmate's thigh while the inmate was on the toilet, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); "a single pat-down frisk in which a correctional officer grabbed [the inmate's] genitals through his clothing two times," *Obiegbu v. Werlinger*, 581 F. App'x 119, 121 (3d Cir. 2014); and "a brief unwanted touch on [an inmate's] buttocks, absent "sexual comments or banter," or fear of rape or "sexual abuse during the incident." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

In this case, taking the facts in the light most favorable to Plaintiff, Defendant Buenrostro's conduct does not rise to the level of a sexual assault for purposes of the Eighth Amendment. The Court will grant Defendants' motion for summary judgment as to the Eighth Amendment claim against Defendant Buenrostro.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is adopted in full. (ECF No. 130). IT IS FURTHER ORDERED that Plaintiff's motion to schedule the evidentiary hearing after August 14, 2018 (ECF No. 132) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 116) is GRANTED as to the exhausted retaliation claim for the April 2, 2014 rules violation report and the Eighth Amendment claim against Defendant Buenrostro.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment on exhaustion, qualified immunity, and state law grounds as to Plaintiff's remaining claims (ECF No. 116) is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO REFILE following the evidentiary hearing.

IT IS FURTHER ORDERED that this action is remanded to the Magistrate Judge for an evidentiary hearing to resolve the disputed material facts of whether the prison improperly failed to process Plaintiff's alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014.

Dated: September 24, 2018

Hon. William Q. Hayes
United States District Court