

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J. BEARD, et al.,<br><br>Defendants. | Case No.: 15cv1044-WQH-RBM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Temporary Restraining Order/or Preliminary Injunction filed by Plaintiff Tony Roberts. (ECF No. 138.)

## I. BACKGROUND

On May 8, 2015, Plaintiff Tony Roberts, a state prisoner proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R, Santiago, K. Seibel, and R. Solis for violations of Plaintiff's First Amendment rights and his Eighth Amendment right to be free from cruel and unusual punishment. (ECF Nos. 1, 2.)

On January 9, 2018, Defendants filed a motion for summary judgment on grounds that: (1) Plaintiff failed to exhaust all claims except retaliation against Defendant Buenrostro regarding the April 2, 2014 rules violation report; (2) Defendants are entitled to summary judgment as to Plaintiff's exhausted retaliation claim; (3) the evidence

demonstrates that Defendant Buenrostro did not violate Plaintiff's Eighth Amendment rights; (4) no private right of action exists under state law; and (5) Defendants are entitled to qualified immunity. (ECF No. 116.) On January 22, 2018, Plaintiff filed an opposition to the motion for summary judgment. (ECF Nos. 119, 120.)

On September 24, 2018, the Court adopted a Report and Recommendation issued by the Magistrate Judge (ECF No. 130) in its entirety. The Court granted summary judgment as to the Eighth Amendment claim, and as to the exhausted retaliation claim from the April 2, 2014 rules violation report. (ECF No. 136.) The Court remanded to the Magistrate Judge for an evidentiary hearing to determine whether the prison improperly failed to process Plaintiff's alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014. The Court denied summary judgment as to exhaustion, qualified immunity, and state law grounds, without prejudice and with leave to refile following the evidentiary hearing.

Plaintiff's remaining claims include retaliation for engaging in First Amendment conduct and causes of action arising under California law. The evidentiary hearing is set for November 28, 2018. (ECF No. 139.)

On October 1, 2018, Plaintiff filed a Motion for Temporary Restraining Order/or Preliminary Injunction. (ECF No. 138.) Plaintiff moves the Court for a temporary restraining order or preliminary injunction "prohibiting California Department of Corrections and Rehabilitation's (CDCR Secretary from re-housing Plaintiff Tony Roberts, at Richard J. Donovan Correctional Facility (RJDCF), in Sa Diego, California for purposes of attending trial in the pending litigation." *Id.* at 3–4.

Plaintiff asserts that "any re-housing of him at RJDCF for any proceeding in this matter would place him at a serious risk of harm." *Id.* at 5. Plaintiff provides a declaration stating that correctional officers, including Defendants Buenrostro and Meza, are arranging for "members of California's most violent Hispanic prison gang . . . to have [Plaintiff] murdered as revenge for the pending lawsuit." *Id.* at 9. The declaration states that gang members "brandish[ed] weapons and threaten[ed]" Plaintiff in February of 2017, after which Plaintiff "sought a place of safety in the Mental Health Crisis Bed." *Id.* at 9–10.

Plaintiff asserts that "any re-housing of him at RJDCF for purpose of Mr. Roberts being transported back and forth to court for the evidence hearing . . . would pose an unreasonable risk to his future health and safety." *Id.* at 5.

## II. DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) provides that

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In this case, Plaintiff provides a declaration of service by U.S. mail, indicating that he served the motion on the opposing parties. *Id.* at 12. Plaintiff has failed to demonstrate that "immediate and irreparable injury" will result if the Court does not issue a temporary restraining order "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has failed to comply with the requirements of Rule 65(b)(1). *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)) ("The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). The motion for a temporary restraining order is denied.

Rule 65(a) provides that "The Court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Plaintiff's motion for a preliminary injunction remains pending. Defendants shall file any opposition to the motion for a preliminary injunction on or before October 18, 2018. Plaintiff shall file any reply on or before October 25, 2018. The Court will rule thereafter.

## III. CONCLUSION

IT IS HEREBY ORDERED that the motion for a temporary restraining order (ECF No. 138) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file any opposition to the motion for a preliminary injunction on or before October 18, 2018. Plaintiff shall file any reply on or before October 30, 2018. The motion for a preliminary injunction remains pending. (ECF No. 138).

DATED: 10/5/18

Hon. William Q. Hayes
United States District Judge