1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  Tony Roberts,                          Case No:  15cv1044-WQH-(RBM)

12                      Plaintiff,         **ORDER DENYING MOTION TO**
                                           **APPOINT COUNSEL (Doc. 144.)**
13  v.

14  J. Beard et al.,

15                      Defendants.

16

17

18         Before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 144.)

19  Plaintiff requests counsel "to represent him at the evidentiary hearing to resolve

20  disputed material facts of whether the prison improperly failed to process Plaintiff's

21
    alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014." (Doc. 144, at 1-
22
23  2.) Plaintiff argues that that counsel is necessary because "an evidentiary hearing

24  would surely tax Mr. Roberts' abilities." (Doc. 144, at 2.)

25
26         The Constitution provides no right to appointment of counsel in a civil case

27
    unless an indigent litigant may lose his physical liberty if he loses the litigation.
28

                                          - 1 -

Lassiter v. Dept. of Social Services, 452 U.S. 18, 25-26 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. Although federal courts do not have the authority "to make coercive appointments of counsel," Mallard v. U.S. District Court, 490 U.S. 296, 310 (1989), district Courts have the discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Moreover, in the Southern District of California, the District Judges have outlined the factors that a magistrate judge should consider in determining whether a case is appropriate for the appointment of pro bono counsel. (Pro Bono Plan, General Order No. 596, August 3, 2011.) The assigned judge should consider the following:

   1.  the inability of the pro se party to retain counsel by other means;

   2.  the potential merit of the claims as set forth in the pleadings;

3. the nature and complexity of the action, both factually and legally, including the need for factual investigation and evidentiary presentation at motions or trial;

4. whether the pro se party has another case pending before this Court, and if so, whether counsel has been appointed in such case;

5. the degree to which the ends of justice will be served by appointment of counsel, including the extent to which the Court may benefit from the appointment; and

6. any other factors deemed appropriate.

In addition, unless the Court determines based upon the above factors that counsel is not necessary, the Court may appoint counsel for purposes of trial as a matter of course in each prisoner civil rights case where summary judgment has been denied. (Pro Bono Plan, General Order No. 596, August 3, 2011.)

In this case, the Court has evaluated the likelihood of success of Plaintiff's claims and Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. As shown in Defendants' motion for summary judgment, the record so far does not reflect sufficient compelling evidence that Plaintiff's First Amendment rights were violated as alleged in Plaintiff's complaint. The purpose of having the evidentiary hearing regarding the issue of whether the existing and generally available administrative remedies were made effectively unavailable to

Plaintiff will be to make credibility determinations of anyone with knowledge of Plaintiff's thwarted attempts to use the administrative process. These credibility determinations will be fairly straightforward and will not necessarily require Plaintiff to be represented by counsel for justice to be served. Moreover, Plaintiff has filed multiple documents with the Court which have effectively articulated his legal positions. The Court thus concludes that Plaintiff has not demonstrated "exceptional circumstances" supporting the appointment of counsel at this stage in the proceedings. Plaintiff's request for the appointment of counsel is denied without prejudice.

Nevertheless, Plaintiff should make an attempt to retain pro bono counsel on his own accord. If unsuccessful, Plaintiff is welcome to renew his motion for appointment of counsel after the Court holds the November 14, 2018 hearing regarding Plaintiff's motions to compel. The Court also reserves the right to sua sponte reconsider appointing counsel to Plaintiff after holding this hearing and reevaluating the situation.

IT IS SO ORDERED.

DATE: October 26, 2018

_____
Hon. Ruth Bermudez Montenegro
United States Magistrate Judge