UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS,<br><br>                      Plaintiff,<br><br>v.<br><br>J. BEARD, et al.,<br><br>                      Defendants. | Case No.: 15cv1044-WQH-RBM<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the motion for summary judgment filed by Defendants (ECF No. 172), the Report and Recommendation issued by the Magistrate Judge (ECF No. 176), and the objections filed by Plaintiff (ECF No. 177).

**I.    BACKGROUND**

    On May 8, 2015, Plaintiff Tony Roberts, a state prisoner proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R, Santiago, K. Seibel, and R. Solis for violation of his First and Eighth Amendment rights. (ECF No. 1). Plaintiff claims that Defendants Meza and Buenrostro interfered with Plaintiff's ability to submit grievances and complaints, searched his cell, falsified reports and disciplinary charges, and arranged for a prison transfer, in order to retaliate against Plaintiff for his grievances and complaints.

Plaintiff claims that he was sexually assaulted and labeled a snitch and a child molester by Defendants. Plaintiff also brings causes of action arising under California law.

On September 16, 2016, the Court dismissed Plaintiff's Eighth Amendment claims other than the Eighth Amendment claim against Defendant Buenrostro for sexual assault. (ECF No. 46).

On September 24, 2018, the Court granted summary judgment against Plaintiff as to his remaining Eighth Amendment claim against Defendant Buenrostro, and as to his First Amendment claim for the allegedly false and retaliatory April 2, 2014 rules violation report. (ECF No. 136). The Court declined to grant summary judgment in favor of Defendants on the grounds of exhaustion. The Court remanded the case to the Magistrate Judge to hold an evidentiary hearing to resolve the disputed material facts of whether the prison improperly failed to process Plaintiff's alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014, such that Plaintiff's failure to exhaust would be excused.

On November 16, 2018, the Magistrate Judge vacated the scheduled evidentiary hearing "[i]n light of the fact that Defendants have withdrawn their defense of exhaustion of administrative remedies." ECF No. 170 at 1; *see also* ECF Nos. 169, 166 (noting withdrawal of exhaustion defense).

On November 28, 2018, Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R. Santiago, K. Seibel, R. Solis filed a motion for summary judgment (ECF No. 172) on the grounds that there is no private right of action for Plaintiff's state law claims, that Defendants are entitled to qualified immunity, and that the evidence does not support Plaintiff's retaliation claim. (ECF No. 172-1).

On December 10, 2018, Plaintiff filed a response (ECF No. 174) in opposition to the motion for summary judgment.

On December 27, 2018, Defendants filed a reply (ECF No. 175) in support of the motion for summary judgment.

On January 25, 2019, the Magistrate Judge issued a Report and Recommendation. (ECF No. 176), recommending that the Court grant summary judgment against Plaintiff as

to the state law claims and the First Amendment claims against Defendants Solis, Santiago, and Seibel. The Report and Recommendation further recommends that the Court deny summary judgment against Plaintiff as to the First Amendment claims against Defendants Parker, Davis, Meza, and Buenrostro. The Report and Recommendation concludes that "Plaintiff has failed to put forth sufficient evidence demonstrating that a retaliatory motive to chill Plaintiff's First Amendment rights was the but-for cause of Defendant Buenrostro's clothed body search of Plaintiff, the searches of his cell for contraband, or Plaintiffs retention status at RJ Donovan." *Id.* at 30. The Report and Recommendation concludes that triable issues of fact remain as to whether Defendants Parker, Davis, Meza, and Buenrostro engaged in retaliatory conduct, precluding summary judgment. *Id.* at 30–31. The Report and Recommendation further concludes, "Whether the alleged adverse acts of harassment and intimidation taken by Defendants Parker, Davis, Meza, and Buenrostro would likely chill a person of ordinary firmness from continuing to exercise his First Amendment rights remains a question of fact, and thus the issue of qualified immunity with respect to Defendants Parker, Davis, Meza, and Buenrostro cannot now be decided as a matter of law." *Id.* at 31–32.

On February 7, 2019, Plaintiff filed objections to the Report and Recommendation. (ECF No. 177).

The record reflects that Defendants have not filed any objection to the Report and Recommendation or any response to Plaintiff's objections.

**II. LEGAL STANDARD ON REPORT AND RECOMMENDATION**

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir.

3

15cv1044-WQH-RBM

2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### III. STATE LAW CLAIMS

No party has filed an objection to the conclusion of the Report and Recommendation that summary judgment should be entered in favor of Defendants as to Plaintiff's state law claims. The Court will adopt the Report and Recommendation (ECF No. 176) and grant Defendants' motion for summary judgment (ECF No. 172) as to Plaintiff's state law claims.

### IV. FIRST AMENDMENT CLAIMS AGAINST DEFENDANTS SOLIS, SANTIAGO, AND SEIBEL

No party has filed an objection to the conclusion of the Report and Recommendation that summary judgment should be entered in favor of Defendants Solis, Santiago, and Seibel as to Plaintiff's First Amendment claims. The Court will adopt the Report and Recommendation (ECF No. 176) and grant Defendants' motion for summary judgment (ECF No. 172) as to Plaintiff's First Amendment claims against Defendants Solis, Santiago, and Seibel.

### V. FIRST AMENDMENT CLAIMS AGAINST DEFENDANTS PARKER, DAVIS, MEZA, AND BUENROSTRO

Plaintiff objects to the conclusion of the Report and Recommendation that he "failed to put forth sufficient evidence demonstrating that a retaliatory motive to chill Plaintiff's First Amendment rights was the but-for cause of Defendants Parker and Buenrostro's search of his cell." (ECF No. 177 at 1). After conducting a de novo review of the Report and Recommendation and considering the entire file, including Plaintiff's objections, the Court finds that the Report and Recommendation correctly concluded that Plaintiff has failed to put forth sufficient evidence demonstrating that a retaliatory motive to chill Plaintiffs First Amendment rights was the but-for cause of Defendant Buenrostro's clothed

body search of Plaintiff, the searches of his cell for contraband, or Plaintiff's retention status at RJ Donovan.

No party has filed an objection to the conclusion of the Report and Recommendation that summary judgment should be denied as to Plaintiff's First Amendment claims against Defendants Parker, Davis, Meza, and Buenrostro. The Court will adopt the Report and Recommendation (ECF No. 176) and deny Defendants' motion for summary judgment (ECF No. 172) as to Plaintiff's First Amendment claims against Defendants Parker, Davis, Meza, and Buenrostro.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is adopted in full. (ECF No. 176).

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 172) is GRANTED as to Plaintiff's state law claims and GRANTED as to Plaintiff's First Amendment claims against Defendants Solis, Santiago, and Seibel.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 172) is DENIED as to Plaintiff's First Amendment claims against Defendants Parker, Davis, Meza, and Buenrostro.

Dated: March 14, 2019

Hon. William Q. Hayes
United States District Court