UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TONY ROBERTS, | Case No.: 15cv1044-WQH-RBM |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| J. BEARD, Secretary of CDCR; D. PARAMO, Warden of RJDCF; et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants. (ECF No. 189).

**I.    BACKGROUND**

On May 8, 2015, Plaintiff Tony Roberts, a state prisoner proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R, Santiago, K. Seibel, and R. Solis for violation of his First and Eighth Amendment rights. (ECF No. 1). Plaintiff claims that Defendants Meza and Buenrostro interfered with Plaintiff's ability to submit grievances and complaints, searched his cell, falsified reports and disciplinary charges, and arranged for a prison transfer, in order to retaliate against Plaintiff for his grievances and complaints.

Plaintiff claims that he was sexually assaulted and labeled a snitch and a child molester by Defendants. Plaintiff also brings causes of action arising under California law.

On May 8, 2015, Plaintiff filed a motion for leave to proceed in forma pauperis (IFP). (ECF No. 2).

On May 26, 2015, the Court granted Plaintiff leave to proceed IFP. (ECF No. 4).

On September 16, 2016, the Court dismissed Plaintiff's Eighth Amendment claims other than the Eighth Amendment claim against Defendant Buenrostro for sexual assault. (ECF No. 46).

On September 24, 2018, the Court granted summary judgment against Plaintiff as to his remaining Eighth Amendment claim against Defendant Buenrostro, and as to his First Amendment claim for the allegedly false and retaliatory April 2, 2014 rules violation report. (ECF No. 136). The Court declined to grant summary judgment in favor of Defendants on the grounds of exhaustion. The Court remanded the case to the Magistrate Judge to hold an evidentiary hearing to resolve the disputed material facts of whether the prison improperly failed to process Plaintiff's alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014, such that Plaintiff's failure to exhaust would be excused.

On November 16, 2018, the Magistrate Judge vacated the scheduled evidentiary hearing "[i]n light of the fact that Defendants have withdrawn their defense of exhaustion of administrative remedies." ECF No. 170 at 1; *see also* ECF Nos. 169, 166 (noting withdrawal of exhaustion defense).

On March 14, 2019, the Court granted summary judgment for Defendants as to Plaintiff's state law claims, and granted summary judgment for Defendants as to Plaintiff's First Amendment claims against Defendants Solis, Santiago, and Seibel. (ECF No. 178). The Court declined to grant summary judgment in favor of Defendants as to Plaintiff's First Amendment claims against Defendants Parker, Davis, Meza, and Buenrosto.

On May 22, 2019, Defendants filed a motion to dismiss on the grounds that Plaintiff made untrue statements in his motion to proceed IFP.[1] (ECF No. 189).

On June 7, 2019, Plaintiff filed a response in opposition to Defendants' motion to dismiss. (ECF No. 192).

On June 25, 2019, Defendants filed a reply in support of the motion to dismiss. (ECF No. 194).

On July 11, 2019, the Court heard oral argument on the motion to dismiss. (ECF No. 197).

## II. DISCUSSION

Defendants contend that dismissing this case with prejudice is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(A) because Plaintiff misled the Court with respect to to his claim of poverty. Defendants assert that on October 21, 2014, Plaintiff received $3,000 in his inmate trust account from a settlement with the California Department of Corrections and Rehabilitation, and on the same day transferred $2,000 out of his trust account. Defendants assert that less than six months later, on April 14, 2015, Plaintiff signed the motion to proceed IFP in this case, indicating that Plaintiff had not received any money from any other sources in the preceding twelve months. Defendants assert that Plaintiff's omission of the $3,000 settlement was deliberate and in bad faith based on Plaintiff's experience litigating cases pro se and IFP in federal court.

Plaintiff contends that dismissal is unwarranted because the omission of the $3,000 settlement was an oversight, and because the Court would still have granted IFP if Plaintiff had disclosed the $3,000 settlement. Plaintiff asserts that his IFP application included a certified copy of his trust account transactions from the preceding six months, which showed an average monthly balance of $158.60, average monthly deposits of $90, and a

---

[1] Defendants Buenrostro, Davis, Meza, Parker, Santiago, Seibel, and Solis move to dismiss. (ECF No. 189 at 1). The remaining Defendants, Beard, Paramo, Sanchez, Arguilez, and Ciborowski, were never properly served. (ECF No. 31).

3

balance of $0 as of March 10, 2015. Plaintiff asserts that he transferred $2,000 out of his account the day he received the settlement in order to help his sister pay rent, not to intentionally mislead the Court. Plaintiff asserts that he did not personally benefit from transferring the $2,000 to his sister. Plaintiff asserts that he has paid every court filing fee he owed, except this case and two other cases.

"[A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prisoners must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" to be granted leave to proceed IFP. § 1915(a)(2). In *Escobedo v. Applebees*, the Court of Appeals stated,

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." . . . Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty."

787 F.3d 1226, 1234 (9th Cir. 2015) (first citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), then quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), and then quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue . . . ." § 1915(e)(2). The statute was amended in 1996 and previously read, "The court . . . may dismiss the case if the allegation of poverty is untrue." 28 U.S.C. § 1915(d) (1994), *amended by* Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321; *see also*

*Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice. 28 U.S.C. § 1915(e)(2)(A). The only question is whether the judge abused his discretion in making the dismissal with prejudice.").

"To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo*, 787 F.3d at 1235 n.8; *see also Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (noting the statute does not "require[] dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith"). In *Vann*, the Court of Appeals for the Second Circuit stated:

> Yet, although a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain in forma pauperis status. . . . Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees. . . . To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation.

496 F. App'x at 115; *see also Salat v. Wilson*, No. 216CV03018APGPAL, 2017 WL 4269958, at *2, *adopted by* No. 216CV03018APGPAL, 2017 WL 5615572 (D. Nev. Nov. 21, 2017) (citing *Vann*, 469 F. App'x at 115). In *Vann*, the court determined that it was proper to dismiss the claims of a pro se inmate, an experienced litigant familiar with IFP who had filed at least five IFP actions against the government in federal court and omitted over $2,000 in account deposits. 496 F. App'x at 115–16; *see also Steshenko v. Gayrard*, No. 13-CV-03400-LHK, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing *Thomas*, 288 F.3d at 306; *Attwood v. Singletary*, 105 F.3d 610, 612–13 (11th Cir. 1997); *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983)), *aff'd sub nom. Steshenko v. Albee*, 691 F. App'x 869 (9th Cir. 2017); *Emrit v. Yahoo! Inc.*, No. C 13-5951 SBA,

2014 WL 3841015, at *3 (N.D. Cal. Aug. 4, 2014) (dismissing with prejudice for omission of a "recent inheritance of approximately $31,000 [and] . . . extensive litigation history"; rejecting "Plaintiff's conclusory assertion that he simply made a mistake in failing to report the inheritance he recently received"); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468–69 (S.D.N.Y. 2004) (dismissing with prejudice upon determining that prisoner proceeding IFP was an experienced litigant familiar who had filed at least eight civil IFP actions against the government in federal court and had acted in bad faith by diverting "$13,500 in settlements to her mother's address in Staten Island").

In this case, the form for the motion to proceed in forma pauperis reflects Plaintiff's signature dated April 14, 2015 below the statement, "I declare under penalty of perjury that the above information is true and correct and understand that a false statement herein may result in the dismissal of my claims." (ECF No. 2 at 3). The form asks "In the past twelve months have you received any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other sources." *Id.* at 2. Plaintiff checked "no" for all sources. *Id.* Plaintiff included a certified copy of his trust account statement for the six months prior to April 24, 2015, which captured transactions dating back to October 24, 2014. *Id.* at 7.

Defendants provide a copy of a settlement agreement from May of 2014, stating that the California Department of Corrections and Rehabilitation agreed to pay Plaintiff $3,000 to settle *Roberts v. T.L. Gonzalez, et al.,*12-cv-02044-JVS-DTB (C.D. Cal.). (ECF No. 189-2 at 3–6). Defendants provide the declaration of A. Niehaus, Settlement Coordinator with the California Department of Corrections and Rehabilitation, supported by a copy of Plaintiff's inmate statement report. (Niehaus Decl., ECF No. 189-3). In the declaration, Niehaus states, "I reviewed inmate Robert's trust account transactions for the month of October 2014, and determined that settlement check #05-208471 in the amount of $3,000 was deposited into inmate Robert's trust account on October 21, 2014." *Id.* ¶ 2. The inmate statement report shows a deposit of $3,000 on October 21, 2014, and an "inmate voluntary withdrawal" of $2,000 on the same date. (Ex. A to Niehaus Decl., ECF No. 189-4).

Defendants set forth seven other civil rights actions filed by Plaintiff, in which he was granted IFP status: (1) *Roberts v. Garcia, et al.,* 3:98-cv-01795-CGA (S.D. Cal.); (2) *Roberts v. Hudson, et al.,* 3:00-cv-02479-IEG-JAH (S.D. Cal.); (3) *Roberts v. Bach, et al.,* 3:01-cv-00193-K-JFS (S.D. Cal.); (4) *Roberts v. Hernandez, et al.,* 3:05-cv-01419-WQH-PCL (S.D. Cal.); (5) *Roberts v. Matthew Cate, et al.,* 2:08-CV-02624 JAM KJN (E.D. Cal.); (6) *Roberts v. J. Marshall, et al.,* CV10-6795 JVS (DTB) (C.D. Cal.); (7) *Roberts v. T.L. Gonzalez, et al.,* 2:12-cv-02044-JVS-DTB (C.D. Cal.). [2]

Plaintiff provides his own declaration, stating that he received $3,000 in settlement money in October of 2014, which he sent to his sister for rent to avoid eviction. (Roberts Decl. ¶¶ 3, 5–6, ECF No. 192). Plaintiff states that he "had totally forgotten about [the settlement agreement]," and that outside of being able to help his sister, he had only been able to "pay off [his] federal court filing fees." *Id.* ¶ 8. Plaintiff states that he depends on the State of California to live, that his sister has not sent him food since 2014, and that he has not otherwise received outside food since 2005. *Id.* ¶ 10. Plaintiff states that he owes six hundred dollars in filing fees for a different federal case and that he owes ten dollars in filing fees for an additional different federal case. *Id.* ¶ 11. Plaintiff states that he has paid off the filing fees for six additional different federal cases. *Id.* ¶ 12.

The Court finds that Plaintiff is an experienced litigant familiar with IFP. The record demonstrates that Plaintiff received $3,000 from a settlement within the twelve months preceding his IFP motion. The record demonstrates that Plaintiff inaccurately stated that he had no other sources of money in the twelve months preceding his IFP application. Plaintiff's IFP application included a trust account statement with transactions dating back to October 24, 2014—three days after Plaintiff received the $3,000 settlement and transferred $2,000 out of the account for his sister. Plaintiff's claim that the omission was

---

[2] Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted). The Court takes judicial notice of the proceedings set forth by Defendants.

an oversight is not credible. The record supports a finding that that Plaintiff concealed the $3,000 he received in settlement money in October of 2014 in order to gain access to the court without prepayment of filing fees. The record supports a finding that Plaintiff knowingly provided inaccurate information regarding sources of money during the twelve months preceding the IFP motion. *See Vann*, 496 F. App'x at 116 ("Regardless of whether Vann . . . gifted money to relatives during the twelve months preceding the filing of his complaint and application for in forma pauperis status, Vann was required to accurately and truthfully state his financial history and assets. 28 U.S.C. § 1915(a)(1), (a)(2). This he did not do. . . . Given the falsity of Vann's application and his declarations, Vann's bad faith in this case evidenced by his litigation experience and extensive familiarity of the in forma pauperis process, and Vann's failure to credibly explain or correct his declarations when given an opportunity to do so, the District Court was well within its discretion when it dismissed Vann's complaint with prejudice."); *see also Steshenko*, 2015 WL 1503651, at *5. The record does not support a finding that Plaintiff's omission was a "mere[] inaccuracy," *see Escobedo*, 787 F.3d at 1235 n.8, or a "misstatement[], or minor misrepresentation[] made in good faith," *see Vann*, 496 F. App'x at 115. The Court "shall dismiss the case" as required by § 1915(e)(2).

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants (ECF No. 189) is GRANTED. The Clerk shall prepare a judgment.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 183) and the Motion for Leave to File an Amended Complaint (ECF No. 186) filed by Plaintiff are dismissed as moot.

Dated: August 2, 2019

Hon. William Q. Hayes
United States District Court