UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS,<br><br>                                    Plaintiff,<br><br>v.<br><br>J. BEARD, Secretary of CDCR; D.<br>PARAMO, Warden of RJDCF; et<br>al.,<br><br>                                    Defendants. | Case No.:  3:15-cv-01044-WQH-RBM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Taxation of Costs filed by Plaintiff Tony Roberts.  (ECF No. 204).

**BACKGROUND**

On May 8, 2015, Plaintiff Tony Roberts, a state prisoner proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendants A. Buenrostro, R. Davis, C. Meza, A. Parker, R, Santiago, K. Seibel, and R. Solis for violation of his First and Eighth Amendment rights.  (ECF No. 1).

On May 8, 2015, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis (IFP). (ECF No. 2). On May 26, 2015, the Court granted Plaintiff leave to proceed IFP. (ECF No. 4).

On September 16, 2016, the Court dismissed Plaintiff's Eighth Amendment claims except for the Eighth Amendment claim against Defendant Buenrostro for sexual assault. (ECF No. 46).

On September 24, 2018, the Court granted summary judgment against Plaintiff as to his remaining Eighth Amendment claim against Defendant Buenrostro, and as to his First Amendment claim for the allegedly false and retaliatory April 2, 2014 rules violation report. (ECF No. 136). The Court declined to grant summary judgment in favor of Defendants on the grounds of exhaustion. The Court remanded the case to the Magistrate Judge to hold an evidentiary hearing to resolve the disputed material facts of whether the prison improperly failed to process Plaintiff's alleged grievances on April 2, 2014; June 23, 2014; and July 8, 2014, such that Plaintiff's failure to exhaust would be excused.

On November 16, 2018, the Magistrate Judge vacated the scheduled evidentiary hearing "[i]n light of the fact that Defendants have withdrawn their defense of exhaustion of administrative remedies." ECF No. 170 at 1; *see also* ECF Nos. 169, 166 (noting withdrawal of exhaustion defense).

On March 14, 2019, the Court granted summary judgment for Defendants as to Plaintiff's state law claims and granted summary judgment for Defendants as to Plaintiff's First Amendment claims against Defendants Solis, Santiago, and Seibel. (ECF No. 178). The Court declined to grant summary judgment in favor of Defendants as to Plaintiff's First Amendment claims against Defendants Parker, Davis, Meza, and Buenrosto.

1    On May 22, 2019, Defendants[1] filed a Motion to Dismiss on the grounds that

2    Plaintiff made untrue statements in his motion to proceed IFP. (ECF No. 189). On August

3    2, 2019, the Court granted Defendants' Motion to Dismiss. (ECF No. 198).

4    On August 2, 2019, the Clerk of the Court entered Judgment in favor of Defendants

5    and against Plaintiff. (ECF No. 199).

6    On August 13, 2019, Defendants filed a Bill of Costs in the amount of $884.70.

7    (ECF No. 200). On August 26, 2019, Plaintiff filed an Objection to Defendants' Bill of

8    Costs. (ECF No. 202). On September 17, 2019, the Clerk of the Court taxed costs in

9    amount of $559.70 against Plaintiff. (ECF No. 203).

10   On September 25, 2019, Plaintiff filed a Motion for Taxation of Costs. (ECF No.

11   204). Defendants have not filed a response in opposition and Plaintiff has not filed a reply.

## PLAINTIFF'S CONTENTIONS

13   Plaintiff contends that his indigence should preclude the Court from imposing costs.

14   *Id*. at 11. Plaintiff asserts that he "is in prison and has no money." *Id*. at 3. Plaintiff

15   contends that the taxation of costs in a prisoner civil rights cases would create an

16   impermissible chilling effect on future civil rights suits. *Id*.

## LEGAL STANDARD

18   Under Rule 54(d) of the Federal Rules of Civil Procedure, the Court has broad

19   discretion to vacate or amend a Clerk's decision to tax costs. *See Dawson v. City of Seattle*,

20   435 F.3d 1054, 1070 (9th Cir. 2006). In exercising this discretion, the Court is mindful

21   that a losing party bears the burden of establishing a reason to avoid taxation of costs. *See*

22   *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

23   In the civil rights context, "[a] district court must 'specify reasons' for its refusal to

24   award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th

---

[1] Defendants Buenrostro, Davis, Meza, Parker, Santiago, Seibel, and Solis move to dismiss. (ECF No. 189 at 1). The remaining Defendants, Beard, Paramo, Sanchez, Arguilez, and Ciborowski, were never properly served. (ECF No. 31).

Cir. 2000). In reviewing a motion to deny costs, the Ninth Circuit has noted the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

## DISCUSSION

Courts have held that once costs are awarded, "a prisoner cannot avoid responsibility based on indigence." *Janoe v. Stone*, No. 06-CV-1511-JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012). "[I]ndigence, standing alone, is not a justification to evade the taxation of costs." *Williams v. Gore*, No. 15-CV-0654-AJB-PCL, 2017 WL 4960220, at *3 (S.D. Cal. Nov. 1, 2017). The concern that Plaintiff will be unable to pay costs is alleviated by 28 U.S.C. § 1915(b)(2), which provides that prisoners are to pay costs incrementally, making "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2); *see also Player v. Salas*, No. 04cv1761-LAB (WMc), 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30, 2007) (stating in light of § 1915's provision allowing installment payments, there is no basis for the incarcerated plaintiff's fear that he would not be able to pay for hygiene items and postage unless costs were re-taxed). The Court concludes that Plaintiff's destitution does not preclude responsibility for paying costs.

Costs of $559.70 do not impose a potential chilling effect on future civil rights litigants. *See Williams*, 2017 WL 4960220, at *3 (concluding that $3,119.58 in costs "is not so excessive as to serve as an inappropriate threat to discourage serious civil rights claims"); *Kidd v. Pacific Bell Telephone Co.*, No. 11cv1512 L(MDD), 2013 WL 2146924, at *2 (S.D. Cal. May 16, 2013) ("The amount of costs [of $5,147.23] sought is reasonable and not exorbitant. Therefore, the suggestion that an award of costs would chill further civil rights litigation is not persuasive in this instance."); *Save Our Valley*, 335 F.3d at 946

(stating that costs of $5,310.55 is a "relatively small sum"), *compare with Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (affirming the district court's denial of $216,443.67 in costs to a prevailing defendant because the "extraordinarily high" costs "might have the regrettable effect of discouraging potential [civil rights] plaintiffs"). The Court concludes that the amount of costs in this case is not excessive as to discourage serious civil rights claims.

In granting Defendants' Motion to Dismiss, the Court stated that

> The record supports a finding that that Plaintiff concealed the $3,000 he received in settlement money in October of 2014 in order to gain access to the court without prepayment of filing fees. The record supports a finding that Plaintiff knowingly provided inaccurate information regarding sources of money during the twelve months preceding the IFP motion.

(ECF No. 198 at 8). The Court dismissed Plaintiff's case as required by § 1915(e)(2) after concluding that

> The record does not support a finding that Plaintiff's omission was a 'mere[] inaccuracy,' . . . or a 'misstatement[], or minor misrepresentation[] made in good faith,' . . .

*Id*. The imposition of costs in this case would not chill future civil rights litigants given Plaintiff's inaccurate information in bringing forth his claim. "[F]uture plaintiffs willing to conduct themselves with candor and good faith need not be deterred by this decision because it is limited to this specific instance of Plaintiff's untrustworthy conduct in litigating his case." *Williams*, 2017 WL 4960220, at *4; *see Baltimore v. Haggins*, No. 1:10-CV-00931-LJO, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying taxation of costs on defendant due to the lack of evidence of misconduct or bad faith by the defendant); *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (holding denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the plaintiff's position was "not without merit").

The Court concludes that Plaintiff ultimately fails to rebut the presumption in favor of awarding costs to Defendants.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Taxation of Costs filed by Plaintiff (ECF No. 204) is DENIED.

Dated: October 30, 2019

Hon. William Q. Hayes
United States District Court